In re the Petition for REINSTATE-
MENT to the Practice of Law OF
Stephanie Anne ONORATO, Registra-
tion No. 292473.

No. A10–2243.

Supreme Court of Minnesota.

Feb. 8, 2011.

ORDER

By order filed on December 15, 2006, we indefinitely suspended respondent Stephanie Anne Onorato from the practice of law for a period of at least 90 days. On December 20, 2010, respondent filed an affidavit stating that she has fully complied with the terms of the suspension order and requesting reinstatement. The Director of the Office of Lawyers Professional Responsibility does not oppose the request.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that respondent Stephanie Anne Onorato is reinstated to the practice of law and, pursuant to the terms of the December 2006 suspension order, is placed on supervised probation for a period of two years subject to the following terms and conditions:

(a) Respondent shall comply with the Minnesota Rules of Professional Conduct.

(b) Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation. Respondent shall promptly respond to the Director's correspondence by the due date. Respondent shall provide the Director's Office with a current mailing address and shall promptly notify the Director's Office of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention and shall provide authorization for release of information and documentation to verify compliance with the terms of probation.

(c) Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Within two weeks of the date of filing of this order, respondent shall provide the Director with the name of four attorneys who have agreed to be nominated as respondent's supervisor. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director shall seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, respondent shall on the first day of each month provide the Director with an inventory of active client files as described below. Respondent shall make active client files available to the Director upon request.

(d) Respondent shall cooperate fully with the supervisor's efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting each calendar quarter. By the first day of each month during the probation, respondent shall provide the supervisor with an inventory of all active client files. With respect to each active client file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next

anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as the Director may reasonably request.

(e) Respondent shall initiate and maintain office procedures that ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts, and other persons interested in matters that respondent is handling, and that will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

(f) Respondent shall maintain law office and trust account books and records in compliance with Minn. R. Prof. Conduct 1.15 and Appendix 1 thereto. These books and records shall include the following: client subsidiary ledger, checkbook register, monthly trial balances, monthly trust account reconciliation, bank statements, canceled checks, duplicate deposit slips, and bank reports of interest, service charges, and interest payments to the Lawyer Trust Account Board. Such books and records shall be made available to the Director within 30 days of the date of filing of this order and thereafter shall be made available to the Director at such intervals as he deems necessary to determine compliance.

BY THE COURT:

/s/Alan C. Page
Associate Justice